UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-80030-CR-DIMITROULEAS

UNITED STATES OF AMERICA

vs.

ROBERT DIMAGGIO,

Defendant.
_____/

## PLEA AGREEMENT

The Office of the United States Attorney for the Southern District of Florida and the United States Department of Justice, Consumer Protection Branch (hereinafter, the "Office" or "government") and **ROBERT DIMAGGIO** (hereinafter, the "defendant") enter into the following plea agreement:

1. The defendant agrees to plead guilty to Count 1 of the indictment, namely, the crime of conspiracy to defraud the United States, in violation of Title 18, United States Code, Section 371.

2. The defendant is aware that his sentence will be imposed by the Court after considering the United States Federal Sentencing Guidelines and Policy Statements (hereinafter, "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's Probation Office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range

that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to five (5) years in prison for a violation of conspiracy, in violation of Title 18, United States Code, Section 371, followed by a maximum of up to three (3) years of supervised release, pursuant to Title 18, United States Code, Section 3583(b). In addition, the defendant also understands and acknowledges that the Court may impose a fine of up to $250,000, pursuant to Title 18, United States Code, Section 3571(b)(3)). In addition to a term of imprisonment and supervised release, the court may order forfeiture and restitution.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant, pursuant to Title 18, United States Code, Section 3013(a)(2). The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special

assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

5. This Office reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. This Office agrees that it will recommend at sentencing that the Court reduce by up to two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. This Office further agrees to recommend that the defendant be sentenced at the low end of the guideline range as determined by the Court. However, this Office will not be required to make these sentencing recommendation(s) if the defendant: (1) fails or refuses to make full, accurate and complete disclosure to the Probation Office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. The government and the defendant agree that, although not binding on the Probation Office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

    a. <u>Base offense level</u>: That the base offense level is 12 under Section 2C1.1(a)(2) of the Sentencing Guidelines.

    b. <u>Role in offense</u>: That a role increase under Section 3B1.1 is appropriate. The parties disagree about what the role increase should be. The government takes the position that the base level should increase by three, pursuant to Section 3B1.1(b), because the defendant was a manager or supervisor and the criminal activity involved five or more participants or was otherwise extenstive. The defendant takes the position that the defendant was an organizer, leader, manager, or supervisor under Section 3B1.1(c) and that the base level should increase by two. The parties agree that this issue should ultimately by resolved the Court at the time of sentencing.

8. The defendant agrees that he shall cooperate fully with this Office by:

    a. providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by the Office, whether in interviews, before a grand jury, or at any trial or other court proceeding;

    b. appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by the Office; and

    c. if requested by the Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents.

In addition, the defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he will not commit any further crimes.

9. This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make the defendant's cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of the Office, the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentence calculated under the Sentencing Guidelines, the Office may make a motion prior to sentencing, pursuant to Section 5K1.1 of the Sentencing Guidelines, or subsequent to sentencing, pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced. The defendant acknowledges and agrees, however, that nothing in this plea agreement may be construed to require the Office to file any such motions and that this Office's assessment of the nature, value, truthfulness, completeness, and accuracy of the defendant's cooperation shall be binding as it relates to the appropriateness of the government's filing or non-filing of such a motion to reduce sentence.

10. The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence, as referred to in the preceding paragraph of this plea agreement. In addition, the defendant understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation or attempted cooperation.

11. The defendant knowingly and voluntarily agrees to the entry of a forfeiture money judgment against him in the amount of $200,000.00 (two hundred thousand dollars) (hereinafter, the "Forfeiture Money Judgment"), which he agrees is a sum of money equal in value to the proceeds he obtained that is traceable to the commission of the violation to which he agrees to plead guilty herein.

12. The defendant knowingly and voluntarily agrees to waive his right to a hearing, pursuant to Federal Rule of Criminal Procedure 32.2(b)(1)(A), to determine the amount of the Forfeiture Money Judgment. Furthermore, the defendant knowingly and voluntarily agrees that he shall not, in any manner, act in opposition to the United States in seeking entry and full satisfaction of the Forfeiture Money Judgment.

13. The defendant knowingly and voluntarily agrees to waive the following rights with respect to the entry of the Forfeiture Money Judgment against him:

    a. All constitutional, legal, and equitable defenses to such forfeiture;

    b. Any constitutional or statutory double jeopardy defense or claim regarding such forfeiture;

    c. Any claim or defense to such forfeiture brought or raised under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fine; and

    d. Any right he may have to an appeal of any resulting order of forfeiture regarding the Personal Property and/or the Forfeiture Money Judgment.

14. The defendant knowingly and voluntarily agrees and understands that entry of the Forfeiture Money Judgment agreed upon herein shall not be treated as satisfaction (either partial or full) of any assessment, fine, restitution, cost of imprisonment, or any other penalty that the Court may impose upon the defendant in addition to the forfeiture. The defendant also agrees to assist this Office in all proceedings, administrative or judicial, involving forfeiture to the United States of any property, including substitute property, regardless of its nature or form, real or personal, which the defendant or others known to the defendant, have accumulated as a result of illegal activities. The assistance shall include: identification of any property subject to forfeiture, agreement to the entry of an order enjoining the transfer or encumbrance of such property, and the transfer of such property to the United States by delivery to this Office upon this Office's request, any necessary and appropriate documentation, including consents to forfeiture and quit claim deeds, to deliver good and marketable title to such property.

15. In furtherance of the collection of the Forfeiture Money Judgment and/or a restitution judgment, the defendant agrees to the following:

    a. The defendant agrees to make full and accurate disclosure of his financial affairs to this Office and the Probation Office. Specifically, the defendant agrees that upon signing of this Plea Agreement, defendant shall submit a completed Financial Disclosure Statement and shall fully disclose and identify all assets in which he has any interest and/or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. The defendant agrees to provide, in a timely manner, all financial information requested by this Office and the Probation Office, and upon request, to meet in person to identify assets/monies which can be used to

7

satisfy the Forfeiture Money Judgment and/or the restitution judgment. In addition, the defendant expressly authorizes this Office to obtain a credit report.

      b.      The defendant agrees that he will not sell, hide, waste, encumber, destroy, or otherwise devalue any asset until the Forfeiture Money Judgment and/or his restitution judgment is paid in full without prior approval of the government. The defendant shall also identify any transfer of assets valued in excess of $5,000 since the date of his indictment or when he became aware of the criminal investigation, including the identity of the asset, the value of the asset, the identity of the third party to whom the asset was transferred, and the current location of the asset.

      c.      The defendant agrees to cooperate fully in the investigation and the identification of assets to be applied toward forfeiture and/or restitution. The defendant agrees that providing false or incomplete information about his financial assets, or hiding, selling, transferring or devaluing assets and/or failing to cooperate fully in the investigation and identification of assets may be used as a basis for: 1) separate prosecution, including, under Title 18, United States Code, Section 1001; or 2) recommendation of a denial of a reduction for acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1.

      d.      The defendant further agrees to liquidate assets, or complete any other tasks which result in immediate payment of the Forfeiture Money Judgment and/or the restitution judgment in full, or full payment in the shortest amount of time, as requested by the Office.

  e. The defendant shall notify, within 30 days, the Clerk of the Court and the Office of: 1) any change of name, residence, or mailing address, and 2) any material change in economic circumstances that affects the ability to pay the Forfeiture Money Judgment and/or restitution.

 16. The defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the government in this plea agreement, the defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure or upward variance from the Sentencing Guidelines range that the Court establishes at sentencing. The defendant further understands that nothing in this plea agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the government appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of the right to appeal his sentence.

 The defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (1) the statute(s) to which the defendant is pleading guilty is/are unconstitutional; and/or (2) the admitted conduct does not fall within the scope of the statute(s) of conviction.

By signing this agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this plea agreement with defendant's attorney. The defendant further agrees, together with the government, to request that the district court enter a specific finding that the defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

17. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the Probation Office, is a prediction, not a promise, and is not binding on the government, the Probation Office, or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this plea agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged above, that the defendant may not withdraw his guilty plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

18. This plea agreement is the entire agreement and understanding between the government and the defendant. There are no other agreements, promises, representations, or understandings.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

GUSTAV W. EYLER
DIRECTOR
CONSUMER PROTECTION BRANCH

Date: 11/19/2019   By: _____
DAVID A. FRANK
Senior Litigation Counsel

ALISTAIR READER
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice

Date: 11-19-19   By: _____
RUSSELL WILLIAMS
Attorney for Defendant

Date: 11-19-19   By: _____
ROBERT DIMAGGIO
Defendant

11